UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WHOLESALE FLOWERS, INC., DANIEL SAPARZADEH, and SHALOM SHAMOOELIAN, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-4029 |
| UNION INSURANCE COMPANY, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 18). After considering the Motions, all responses thereto, and the applicable law, the Court finds that the Motions should be denied.

### I.  BACKGROUND

M&S Wholesale Flowers, Inc., Daniel Saparzadeh, and Shalom Shamooelian (collectively, "Plaintiffs") filed this case in state court, and it was removed to this Court by Defendant Union Insurance Company ("Union") in October 2010. Upon motion by Union, the Court consolidated this case with two other pending cases in the Southern District of Texas, Case Nos. 4:10-cv-4020 and 4:10-cv-4030. (Doc. No. 15.) The Court granted Defendant's Motion for a More Definite Statement and granted Plaintiffs leave to file an amended, consolidated complaint that met the pleading standards of Federal Rules of Civil Procedure 8 and 9(b). Plaintiffs filed a First Amended Complaint (Doc. No. 17), from which the following allegations, accepted as true for purposes of the pending motion to dismiss, are taken.

1

Plaintiffs own and operate three flower shops (the "Flower Shops") in the Houston area. They purchased commercial general liability insurance from Union to insure the Flower Shops against various losses, including losses resulting from a storm (the "Policy"). The Policy covered the period of September 12-13, 2008, which corresponds to the days over which Hurricane Ike struck southeast Texas. As a result of Hurricane Ike, the Flower Shops sustained various types of damage. First, the buildings in which the Flower Shops were housed sustained physical damage, including broken windows, roof damage, water damage, broken tiles, and damage to the greenhouses. Second, the Flower Shops' inventory and contents were physically damaged or lost, including broken plants, broken pots, broken topiaries, and damage to equipment. Third, the Flower Shops' business suffered. The Policy covered these types of losses and damage to the Flower Shops.

After the storm, Plaintiffs inspected the Flower Shops and noted the damage. Plaintiffs reported their loss to their insurance agent, Insurepointe of Texas, which communicated the claim to Union. Plaintiffs were told that Union would send an adjuster immediately, but it did not. Upon instructions from their insurance agent, Plaintiffs refrained from disposing of the damaged items so that the adjuster could view the damage in person. Plaintiffs called daily to determine when the adjuster would be sent, but received no response to its calls. After several weeks, Plaintiffs were forced to dispose of the damaged items because of the smell and in order to re-open for business. In addition, Plaintiffs performed emergency repairs using their own funds because Union did not send an adjuster or offer compensation. Plaintiffs took photographs of the damage.

Union finally sent an adjuster to inspect the Flower Shops. The adjuster inspected all three shops in one day. The adjuster complained to Plaintiffs that they had disposed of some of

the broken pots and other damaged contents and inventory. Plaintiffs accompanied the adjuster, provided him with the photographs they had taken, provided him with documents identifying all of the damaged or lost contents and inventory, and detailed all of the repairs for which they had paid themselves.

Union made repeated requests for information from Plaintiffs and often requested information Union had received previously. Union did not request complete lists of damaged inventory and contents, but instead asked for incomplete lists so as to avoid ascertaining the total loss suffered by Plaintiffs. In January 2009, Union sent Plaintiffs a small payment to compensate them for some of their lost contents and inventory.

With respect to the damage to the buildings and the cost to replace inventory, Union has never provided Plaintiffs with the money they needed. Union also did not compensate Plaintiffs for their business losses. Union has given Plaintiffs conflicting answers about coverage of business losses in order to delay and hamper Plaintiffs' efforts to recovery under the Policy. In addition, Union has given Plaintiffs conflicting information about the scope of their coverage under the Policy, such as whether the greenhouses were covered or not. Union has instructed Plaintiffs that certain documents were needed in order to claim a loss and later told Plaintiffs that such documents were never received when, in fact, Union had received the documents. Finally, Union gave Plaintiffs incorrect information about the need to preserve damaged property. As a result of these actions, Plaintiffs lost business. Plaintiffs would not have subscribed to the Policy had they known of the true nature of the insurance coverage and the type of service and investigation Union would provide.

Plaintiffs have brought five claims against Union: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violations of Chapter 541 of the Texas Insurance Code;

(4) violations of Chapter 542 of the Texas Insurance Code; and (5) violations of the Texas Deceptive Trade Practices Act ("DTPA"). Union has filed a motion to dismiss these claims. The motion is briefed and ripe for disposition.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences

favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, Case No. H-09-2408, --- F. Supp. 2d ----, 2010 WL 3749298 (S.D. Tex. Sept. 21, 2010).

### III. ANALYSIS

Union argues that Plaintiffs have not pled sufficient facts to state any one of the five claims they have brought. Plaintiffs contend that their First Amended Complaint states sufficient facts to withstand a motion to dismiss for failure to state a claim.

#### A. Breach of Contract

Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *B&W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston 2009, pet. denied).

Plaintiffs have alleged that a valid agreement was in place between them and Union in the form of the Policy. They allege that they paid all premiums under the Policy when due and that the Policy was in full force and effect when Hurricane Ike damaged the Flower Shops. Plaintiffs allege that Union failed to provide coverage and compensate for losses, such as damage to the physical buildings and lost business, even though Union promised this type of coverage in the Policy. Finally, Plaintiffs allege that, as a result of Union's failure to provide the promised insurance coverage, they delayed opening the Flower Shops, lost business from the delay, and extended their own funds to pay for repairs that should have been covered by the Policy. We find that these allegations are sufficient to state a claim for breach of contract.

### B. Breach of the Duty of Good Faith and Fair Dealing

Under Texas law, an insurer breaches its duty of good faith and fair dealing when "the insurer had no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact." *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994). "An insurer will be liable if the insurer knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997).

Union contends that Plaintiffs' First Amended Complaint fails to allege sufficient facts indicating that Union's liability had become reasonably clear under the policy. We disagree. Plaintiffs allege that, once Union's adjuster visited the Flower Shops, the adjuster viewed the damage to the Flower Shops and was given photographs and documentation of damages to the Flower Shops, the inventory and contents, and the Plaintiffs' business to corroborate the losses claimed under the Policy. Plaintiffs also allege that they continued providing Union with various lists of inventory, photographs, documents, costs, pricing, financial data, sales data, receipts,

estimates, invoices, and other information in order to document their losses. These facts, which must be taken as true, are certainly sufficient to conclude that Union knew or should have known upon receiving these items that Plaintiffs' claims under the Policy were covered. Thus, we find that Plaintiffs have pled sufficient facts to state a claim for the breach of the duty of good faith and fair dealing.

### C. Fraud-based Claims

Union contends that Plaintiffs' claims under Chapter 541 and Chapter 542 of the Texas Insurance Code and under the DTPA are based on misrepresentations allegedly made by Union to Plaintiffs and therefore are claims sounding in fraud. As such, Union argues that these claims are subject to the particularized pleading rules of Federal Rule of Civil Procedure 9(b). According to Union, Plaintiffs' First Amended Complaint fails to provide sufficient specificity about the fraudulent statements or omissions.

"[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). Assuming, without deciding, that Plaintiffs' claims under the Texas Insurance Code and the DTPA are claims sounding in fraud, we find that Plaintiffs' allegations are sufficient to meet Rule 9(b)'s standards. Plaintiffs identify the allegedly fraudulent statements as including representations regarding what type of documentation would be needed in order to support a claim under the Policy, the scope and coverage of the Policy (e.g., whether greenhouses were covered or not), and the need to preserve damaged items to support a claim under the Policy. Plaintiffs identify the speakers as the adjuster who inspected the Flower Shop and other adjusters who worked with Plaintiffs. Plaintiffs allege that the statements were made

7

during the adjustment process and while the adjuster was physically inspect the Flower Shops. Plaintiffs explain that these statements were fraudulent because Union knew the actual scope of coverage and the documentation requirements, but did not disclose the true nature of coverage and claims processing in order to confuse and delay the adjustment process, to avoid a full investigation and determination of damage, and ultimately to avoid payment under the Policy. We find that these allegations are sufficient to meet Rule 9(b)'s standards for particularized pleading of fraud claims.

## IV. CONCLUSION

For the reasons stated in this order, Defendant's Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 18) are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the ____ day of July, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

during the adjustment process and while the adjuster was physically inspect the Flower Shops. Plaintiffs explain that these statements were fraudulent because Union knew the actual scope of coverage and the documentation requirements, but did not disclose the true nature of coverage and claims processing in order to confuse and delay the adjustment process, to avoid a full investigation and determination of damage, and ultimately to avoid payment under the Policy. We find that these allegations are sufficient to meet Rule 9(b)'s standards for particularized pleading of fraud claims.

## IV. CONCLUSION

For the reasons stated in this order, Defendant's Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. 18) are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 29th day of July, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE